*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATASHA DENONA TRADING LTD, <br><br> Plaintiff, <br><br> v. <br><br> CAPACITY, LLC, *et al.*, <br><br> Defendants. <br><br> CAPACITY, LLC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> YRC WORLDWIDE, INC., <br><br> Third-Party Defendant. | Civ. Action No. 18-13631(FLW) <br><br> OPINION |

**WOLFSON, Chief Judge**:

In the instant matter, Defendant/Third-Party Plaintiff Capacity, LLC ("Capacity") moves to remand this case to state court, arguing that removal by YRC Worldwide, Inc. ("YRC") in the first instance was improper because of its status as a third-party defendant. Because I find that removal was improper, Capacity's motion is **GRANTED**, and this case is remanded to the New Jersey Superior Court, Law Division, Middlesex County.

1

## BACKGROUND and PROCEDURAL HISTORY

On June 28, 2018, Plaintiff Natasha Denona Trading Ltd. ("Denona") filed a complaint against Capacity in the Superior Court of New Jersey, Law Division, Middlesex County. Plaintiff's Complaint arose out of a warehousing and distribution agreement between Plaintiff and Capacity, regarding the storage and delivery of Denona-branded personal cosmetics. The Complaint asserts five causes of action against Capacity, including Negligence, Gross Negligence, Conversion, Breach of Contract, and Breach of Implied Covenant of Good Faith and Fair Dealing, as well as a claim for punitive damages. Denona contends, *inter alia*, that Capacity owes $1,750,000.00 for the cost of damaged and undelivered goods, including an altogether unaccounted-for shipment of product ("Vanished Shipment") valued at $46,468.80.

On August 7, 2018, Capacity filed an Answer and a Third-Party Complaint against Third-Party Defendant YRC, alleging that YRC breached its obligations to Capacity under a second and separate logistics and transportation agreement between them. Capacity's Third-Party Complaint asserts four causes of action against YRC: Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Negligence, and Common Law Indemnification for the value of the Vanished Shipment.

After having been served with the Third-Party Complaint, on September 6, 2018, YRC filed a notice of removal under 28 U.S.C. § 1331, removing this case to this Court. On October 8, 2018, Capacity filed a timely Motion to Remand, arguing that the removal by YRC was improper because, as a matter of law, third-party defendants

may not remove actions under 28 U.S.C. § 1441. In response, YRC argues that removal was proper because the Third-Party Complaint provides "separate and independent" causes of action.[1]

## DISCUSSION

I. Standard for Remand

Removal of a complaint from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Hackensack Univ. Med. Ctr. v. Lagno*, No 06-687, 2006 U.S. Dist. LEXIS 80497, at * 5 (D.N.J. Nov. 3, 2006) (citing 28 U.S.C. § 1441(a)-(b)). Indeed, the statute provides, in relevant part: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Remand is governed by 28 U.S.C. § 1447(c), which provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[1] YRC requests to submit a sur-reply to address an exhibit (a Bill of Lading) and certain factual allegations in a Certification submitted by Capacity in connection with Capacity's Reply Brief. Because I do not rely on them in resolving the instant motion, I deny YRC's request.

Importantly, "[w]hen the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to 'strictly construe the removal statutes against removal and resolve any doubts in favor of remand.'" *Lagno*, 2006 U.S. Dist. LEXIS 80497, at *5 (citations and quotations omitted).

## II. Third-Party Defendant Removal

In this case, removal was sought not by Capacity, but by Third-Party Defendant YRC. This is significant to the extent that the Third Circuit has not yet addressed the propriety of third-party removals. Nevertheless, I have addressed the issue in *Dee Jay Assocs. v. Nassau Publ'ns, LLC.*, No. 10-4125, 2011 U.S. Dist. LEXIS 89 (D.N.J. Jan. 3, 2011). In *Dee Jay*, plaintiffs filed, in state court, several claims against a journal-publisher arising from certain contractual obligations. In turn, the publisher filed counterclaims for contractual violations, as well as a third-party complaint against the son of one of the individual plaintiffs, for conspiracy of theft from the publisher. *Id.* at *3-4. The third-party defendant removed, and this Court held that removal was improper under both majority and minority views of third-party defendant removability. *Id.* at *4, 10-11.

As to the majority view, adopted by the Courts of Appeals for the Fourth, Sixth, Seventh, and Ninth Courts Circuits, third-party defendants are not entitled to removal under § 1441.[2] *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333

---

[2] While not addressing the issue, the Third Circuit has cautioned that the presumption to remand is not a sufficient basis for adopting the majority view. *Cook v. Wikler*, 320 F.3d 431, 436 n.6. (3rd Cir. 2002).

(4th Cir. 2008) ("Of course, additional counter-defendants, like third-party defendants, are certainly not defendants against whom the original plaintiff asserts claims."); *Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) ("[w]e hold that third-party defendants are not "defendants" for purposes of § 1441(a) . . ."); *Thomas v. Shelton*, 740 F.2d 478, 488 (7th Cir. 1984) ("we think that section 1441(c) does not authorize removal by third-party defendants . . ."); *Westwood Apex v. Contreras*, 644 F.3d 799, 807 (9th Cir. 2011) (holding that "28 U.S.C. § 1453(b) did not change the longstanding rule that a party who is joined to such an action as a defendant to a counterclaim or as a third-party defendant may not remove the case to federal court"). Indeed, some courts in this district have endorsed the majority view. *See, e.g., Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F.Supp.2d 385, 388-89 (D.N.J. 1999) (holding that a third-party defendant may not remove under § 1441); *Kaye Associates v. Board of Chosen Freeholders of Gloucester*, 757 F. Supp. 486, 487-89 (D.N.J. 1991) (holding that third-party defendants have no right to remove under § 1441); *Pacheco v. Rosenberg*, No.12-4513, 2013 U.S. Dist. LEXIS 19272 at *5 (D.N.J. February 11, 2013) (holding that third-party defendant removal is not proper even if third-party plaintiff takes post-pleading actions depriving district court of subject matter jurisdiction out of "a desire to litigate exclusively in state court").

For these courts, third-party defendants have no right of removal either because they are not "defendants" as defined under § 1441(a), or because their claims are not covered by § 1441(c), which only applies to claims joined by plaintiffs alone.

5

*See, e.g., Kaye Associates*, 757 F. Supp. at 487-89; *Gola v. City of Philadelphia*, No. 09-5037, 2011 U.S. Dist. LEXIS 63279, at *12 (E.D. Pa. June 13, 2011) (finding removal improper because third-party claims are typically antagonistic to plaintiffs' positions, and "strict construction of the statute does not permit [replacing] 'joined with' in section 1441(c) with 'antagonistic to' or 'the defendant or the defendants' in section 1441(a) with 'the third-party defendant'"); *Mut. Pharm. Co. v. Goldman*, No. 12–0815, 2012 U.S. Dist. LEXIS 92940, at *11-12 (E.D. Pa. 2012) (rejecting that 2012 revisions to § 1441(c) expand the right of removal beyond the narrow interpretation favored in the Fourth, Sixth, Seventh, and Ninth Circuits).

The majority reasons that, on constitutional grounds, § 1441 calls for strict construction because the states' reserved power to determine controversies in their courts permits removal only to the extent that Congress expressly grants it. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 868, 871 (1941); *see also Healy v. Ratta*, 292 U.S. 263, 270 (1934) ("[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined"); *Encompass Insurance Company v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3rd. Cir. 2018) (permitting a forum defendant, which has not been served, to remove, because only "the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language" of § 1441)(citing *McMaster v. E. Armored Servs., Inc.*, 780 F.3d 167, 170 (3d Cir. 2015) and quoting *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 302 (3d Cir. 2011)). In addition, according

to those courts, federalism considerations aside, legislative history favors strict construction of § 1441. *Shamrock*, 313 U.S. at 104-08; *see also Kaye*, 757 F. Supp. at 489 (concluding that legislative history clearly favors the majority view, even if restricting removal to defendants produces anomalous results because of state differences with respect to third-party rules).

These courts have also reasoned that strict construction is appropriate by referencing other rules and circumstances which base removability on plaintiff's action alone. *Id.* at 488. *See, e.g., Shamrock* 313 U.S. 100 (holding that cases cannot be removed on the basis of defendant's counterclaim); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951) (noting that facts set out in the complaint determine removability); *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381 (1998) (holding that removal depends on the complaint as initially filed and before defendant's answer in federal court); *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92 (1898) (holding that a case nonremovable at the outset of suit may become removable only through the voluntary act of the plaintiff).

On the other hand, the minority rule, held by the Fifth Circuit and also applied in some cases by courts in this district, is that third-party defendants may remove if the claim is "separate and independent" of the main cause of action. *See, e.g., Patient Care, Inc. v. Freeman*, 755 F. Supp. 644, 649-50 (D.N.J. 1991) (concluding that third-party defendant may properly remove "separate and independent" claim asserted against it to federal court under § 1441(c), but ultimately remanding case because third-party claim for indemnification was not "separate and independent"); *Lagno*,

2006 U.S. Dist. LEXIS 80497, at *4-5 (finding that third-party claim may serve as basis for removal under section 1441(c), but remanding because removal was impermissible absent "separate and independent" indemnification claims).

The minority courts posit that the text of § 1441(c) does not itself expressly limit removal to claims joined by the plaintiff. *See Patient Care*, 755 F. Supp. at 649 ("Construing § 1441(c) to include only claims joined by the plaintiff inserts qualifying language into the statute not placed there by Congress.")(quotations omitted). The courts also highlight that a third-party defendant "never voluntarily submitted itself to the jurisdiction of the state court" but instead is "dragged into state court by service of process the same way that any other defendant is brought into court," and "is as much a defendant as if the case had been originally brought against it." *Id.* (quoting *Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc.,* 563 F. Supp. 1108, 1113 (N.D. Ill. 1983)(footnotes and internal quotations omitted)). Finally, the courts reason that because the removal statute applies nationwide, it cannot vary with the "fortuitous nature of the laws of a state relating to third party practice." *Industrial Lithographic Co. v. Mendelsohn*, 119 F. Supp. 284, 286 (D.N.J. 1951).

Importantly, however, for the minority, third-party defendant removability requires that third-party claims be, in the language of section 1441(c), "separate and independent" of the main cause of action. *Lagno*, 2006 U.S. Dist. LEXIS 80497, at *11 (citing *Patient Care*, 755 F. Supp. at 650). Claims are not separate and independent if "there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." *Id.* (citing *American Fire & Casualty Co. v. Finn*,

341 U.S. 6, 14 (1951)). If the third-party claim is "substantially derived from the same set of facts" as the non-removable main claim, it is not a "separate and independent" claim under § 1441(c). *New Venture Gear, Inc. v. Fonehouse*, 982 F. Supp. 892, 893 (N.D.N.Y.1997) (citing *Mignogna v. Sair Aviation*, Inc., 679 F. Supp. 184, 190 (N.D.N.Y. 1988) and *Lewis v. Louisville & Nashville R. Co.*, 758 F.2d 219, 221 (7th Cir.1985)). Particularly relevant here, a court in this district has held that claims for indemnification are by their nature not separate and independent of the underlying case. *See Patient Care*, 755 F. Supp. at 651 (reasoning that "an indemnification claim based on a contractual obligation would defeat the entire purpose of the requirement").

Like in *Dee Jay*, I need not weigh in as to which view I find persuasive, because removal, here, was improper under both the majority and minority view.[3] Under the majority view, removal was improper both because YRC is not a defendant for the purposes of § 1441(a), and because Capacity's claim against YRC was not joined by Denona for § 1441(c) purposes. Under the minority view, removal was improper because Capacity's claims against YRC are not separate and independent of Denona's claims against Capacity. Indeed, Capacity's indemnity claim for loss of the Vanished Shipment is not separate and independent of Denona's claim for the same goods, because claims for indemnification by their very nature arise from the same

---

[3] In light of the Third Circuit's recent decision in *Encompass*, wherein the court stressed that § 1441 must be interpreted according to its plain language, *see Encompass*, 902 F. 3d at 153, it appears the Third Circuit would likely endorse the majority view.

"interlocked series of transactions" alleged in Denona's Complaint. Nonetheless, YRC argues that since Capacity's third-party claims arise from a different agreement than that with Denona, the third-party claims are separate. But, the basis of Capacity's Third-Party Complaint is that YRC should be held liable for the loss of the Vanished Shipment *if* Capacity is found liable. Put simply, Capacity alleges that YRC caused the very harm alleged by Denona. While there may be distinct contractual obligations between the parties, the claims asserted by Capacity stem from the harm suffered by Denona vis-à-vis the Vanished Shipment.

Next, YRC contends that state law governs Denona's contract with Capacity, while federal law governs Capacity's contract with YRC. Based on this alleged difference in applicable law, YRC argues that Denona's and Capacity's claims must therefore be separate and independent. But, even if federal law governs YRC's contract, I do not agree with YRC's position. Differences of applicable law do not make claims separate and independent when they arise from the same set of facts. *See, e.g., Target Nat. Bank v. Campanella*, No. 13–1381, 2013 U.S. Dist. LEXIS 132878, at *5-6 (D.N.J Sep. 17, 2013). Rather, the focus of whether claims are separate and independent is on the comparison of the underlying facts as pled in the original complaint and the third-party complaint. Thus, even if different laws were to govern the third-party claims, YRC may not remove on this basis.

Finally, YRC emphasizes that Capacity's claims are not just based on indemnification, but rather they also include allegations of breach of contract, breach of implied covenant of good faith and fair dealing, and negligence. However, those

claims all arise from the same Vanished Shipment upon which Denona's claims rest, and as such, like Capacity's indemnification cause of action, they are also not separate and independent. *See Weingram & Associates, P.C. v. Grayzel*, No. 10–2362, 2013 U.S. Dist. LEXIS 25740, at *8-9 (D.N.J. Feb. 25, 2013). Accordingly, because I find that that Capacity's claims against YRC arise "from an interlocked series of transactions" as in Plaintiff's Complaint, removal by YRC was improper.

## CONCLUSION

For the reasons set forth above, Capacity's motion to remand to the Superior Court of New Jersey, Law Division, Middlesex County, is **GRANTED**. An appropriate form of order is filed herewith.

DATED: May 31, 2019 /s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge